**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| GREGG EDMOND BARTHE, Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:25-13764-MGL-KFM |
| | § | |
| RICHLAND COUNTY SHERIFF'S DEPARTMENT, RICHLAND COUNTY, SHERIFF LEON LOTT, DEPUTY MICHAEL DILLARD, and DEPUTY J. COWAN, Defendants. | § | |

**ORDER ADOPTING THE REPORTS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff Gregg Edmond Barthe, who is representing himself, filed this lawsuit against Defendants Richland County Sheriff's, Department, Richland County, Sheriff Leon Lott, Deputy Michael Dillard, and Deputy J. Cowan (collectively, Defendants).

The matter is before the Court for review of two Reports and Recommendations (Report) of the United States Magistrate Judge. In the first Report (Report I), the Magistrate Judge suggests Barthe's motion for a temporary restraining order (TRO) be denied. And, in the second (Report II), the recommendation is his application for leave to proceed in forma pauperis also be denied. The Magistrate Judge further recommends Barthe be allowed fourteen days from the date of this order denying indigent status to submit the required filing fee. The Reports were both made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed Report I on December 17, 2025, and Barthe filed his objections on December 29, 2025. Thereafter, the Magistrate Judge filed Report II on January 6, 2026, and Barthe filed his objections to that Report on January 20, 2026. The Court has carefully considered both sets of Barthe's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Concerning Report I, Barthe

> seeks a TRO directing Defendants to release his seized vehicle "without any fees, costs, storage charges, administrative conditions, or security requirements." [Motion at 1]. [Barthe] alleges he was issued a citation for driving an unregistered vehicle on October 4, 2024. *Id* at 2. He states the vehicle did not bear a South Carolina license plate. [He] alleges the vehicle was seized from private property without a warrant. *Id*. [He] states . . . the traffic charge was dismissed and attached the case history, indicating a dismissal on December 9, 2024. [Order of Dismissal at 1]. [Barthe] states the vehicle is currently being held by Pro Tow located on Broad River Road "at the direction of Defendants." [Motion at 2].

Report I at 1-2.

A plaintiff seeking a TRO must establish: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555

U.S. 7, 20 (2008). Each of the four Winter requirements "must be satisfied as articulated[.]" *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342, 347 (4th Cir. 2009) (vacated on other grounds).

The Magistrate Judge concludes Barthe's "failure to make clear showings of the first two *Winter* elements is fatal to his motion and the undersigned recommends his motion be denied." Report at 5. The Court agrees. But, Barthe fails to address this issue in his objections.

Instead, in Barthe's objections to Report I, he states "[at] no point in [his] motion did [he] state or concede that the vehicle was without a plate at the time of the encounter." Objections to Report I at 1. But, this is wholly inaccurate. As the Court mentioned above, in Barthe's motion, he states, "[a]t the time of the seizure, the vehicle did not bear a South Carolina license plate." Barthe's Motion at 2. Thus, the Court will overrule this objection.

The Magistrate Judge noted in Report I "it appears to the court . . . there are many disputes of fact." Report I at 3. Barthe "objects to [Report I's] reliance on disputed factual assumptions to deny emergency injunctive relief." Objections to Report I at 2. He then goes on to say, "[a]t the [TRO] stage, the Court is not required to resolve contested factual disputes." *Id*. He is mistaken.

The Fourth Circuit has held it improper to grant injunctive relief in a case such as this when there are multiple contested factual disputes. *See First-Citizens Bank & Trust Co. v. Camp*, 432 F.2d 481, 484 (4th Cir. 1970) (reversing the district courts granting injunctive relief on the basis of "numerous contested factual issues which require resolution before it could be determined whether an injunction should have been issued."). Consequently, the Court will also overrule this objection.

In sum, Barthe has failed to satisfy the *Winter* factors. Additionally, there are "numerous contested factual issues which require resolution before it [can] be determined whether [a TRO]

should [be] issued." *Camp*, 432 F.2d at 484. Accordingly, the Court will deny Barthe's motion for a TRO.

Turning now to Report II, the Magistrate Judge notes Barthe "submitted a form application to proceed in district court without prepaying fees or costs. [He] lists a residence in his assets, although he does not list its value. [He] also lists a 2022 Chevy Silverado as an asset, although he is responsible for car payments related to the truck." Report at 2.

The "privilege to proceed without posting . . . fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

When deciding whether to grant an application to proceed in forma pauperis, courts have drawn up the following legal tests to consider: "[1] Is petitioner barred from the Federal Courts by reason of his impecunity? [2] Is access to the courts blocked by the imposition of an undue hardship? [3] Is petitioner forced to contribute his last dollar, or render himself destitute to prosecute his claim?" *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 943 (S.D. Tex. 1976). The Court is of the opinion the answer is "No" to each of those questions.

According to the Magistrate Judge, "[g]iven [Barthe's] home ownership, for which he does not list any encumbrances, [he] has adequate funds to pay the filing fee. Therefore, it does not appear . . . paying the fee would render Plaintiff destitute or impose an undue hardship or effectively block his access to the courts." Report at 4.

In Barthe's objections to Report II, he states as follows: although he "is listed on the deed to the marital residence, [he] is not a borrower, obligor, or signatory on the mortgage loan. The mortgage

is held solely in [his] wife's name. [He] has no unilateral authority to access, refinance, borrow against, or otherwise obtain funds from the property without his wife's approval and participation." Objections to Report II at 1. Barthe further objects to the Magistrate Judge's "conclu[sion] . . . [he] has 'adequate funds' based solely on the existence of home ownership." *Id*. at 2 (quoting Report II at 4).

Here is a summary of the financial information Barthe provided to the Court in his application for leave to proceed in forma pauperis:

| | |
|---|---|
| Monthly expenses: | |
| Car payment | $804 |
| Capital One | 250 |
| Insurance | 794 |
| Total | $1848 |

| | |
|---|---|
| Monthly take home pay: | $2,000 |
| Less Monthly Expenses: | 1848 |
| Total | $152 |

| | |
|---|---|
| Assets: | 2016 Ram 1500 (currently impounded) |
| | 2022 Chevy Silverado |
| | Residence at 2708 Brinkley Lane |

Barthe lists four dependents, but he fails to respond to the application's queries regarding their relationship to him and how much he contributes to their support.

Although it may be true Barthe lacks the "unilateral authority to access, refinance, borrow against, or otherwise obtain funds from the property without his wife's approval and participation[,]" Objections to Report II at 1, he fails to say whether he has inquired whether she would approve of such an arrangement. Barthe's claim "[t]he mortgage is held solely in [his] wife's name[ ]" seems inconsequential here. The fact he "is listed on the deed to the marital residence," *id*., however, is of great import as it means he owns some portion of the home.

In addition, the Court notes Barthe car payment of $804 a month. The Court is of the firm opinion a substantial automobile payment such as this is relevant to whether the applicant has demonstrated actual inability to pay, particularly where the obligation reflects a discretionary financial commitment, rather than a basic necessity. It seems to this Court it would be an abuse of its discretion to grant his application for leave to proceed in forma pauperis when he is able to pay that much a month for an automobile.

As the Hawaii district court correctly put it: "that [the plaintiff] has elected to purchase vehicles that have left him with $770 per month in car payments . . . strongly suggest his ability, not inability, to meet this Court's filing fee requirements." *Salcido v. Nguyen*, No. 24-cv-00013-DKW-RT, 2024 WL 126729, at *1 (D. Haw. Jan. 11, 2024).

Thus, for all these reasons, the Court will overrule Barthe's objections and deny his application for leave to proceed in forma pauperis.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Barthe's objections, adopts the two Reports, and incorporates them herein. It is therefore the judgment of the Court Barthe's motion for a TRO and his application for leave to proceed in forma pauperis are both **DENIED**; and his motion requesting status is **DEEMED AS MOOT**.

The record shows Barthe has a Capital One credit card, which the Clerk of Court will accept as payment for the filing fee. Barthe is allowed fourteen days from the date of this order to submit that fee.

The Court, however, will entertain a timely motion to extend this time period for good cause shown. If, Barthe fails to seek either an extension of time or pay the filing fee during this fourteen-day time period, the case may be dismissed without prejudice for his failure to abide by this Order.

**IT IS SO ORDERED**.

Signed this 17th day of August, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.